IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

Nick Burke, an individual, professionally known as "Skiggity",

Plaintiff,

v.

From the Earth, Inc., a Delaware corporation, doing business as "From the Earth"; and DOES 1-10,

Defendants.

Case No.: 4:24-cv-635

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Nick Burke, alleges as follows:

## INTRODUCTION

1. Plaintiff, Nick Burke, is an individual who is also known professionally as "Skiggity" (hereinafter "Burke").

2. Burke is a visual artist, illustrator, and muralist whose murals have been frequently displayed in multiple public places around Kansas City, MO.

3. Burke created an original and copyrighted artwork titled Abstract Crystals 2 ("Subject Work"). The Subject Work depicts text blocks and a fancifully arrayed collection of asymmetrical geometirs in different shades of green, yellow, grey, and black. Non-inclusive exemplars of the Subject Work are attached hereto as **Exhibit A**.

4. On information and belief it is alleged that Defendant From the Earth, Inc. ("FTE") controls, possesses, operates, or otherwise has an interest in the property at or around 1222 McGee St. in Kansas City, MO ("Mural

Property") on which an unauthorized duplication and display of the Subject Work ("Derivative Mural") was created and exists to this day.

5. The Subject Work and Derivative Mural both include geometric tringles in shades of green, yellow, and grey and have virtually identical lettering and spacing throughout.

6. The infringing Derivative Mural is displayed on the roof and exterior of the Mural Property and is displayed to customers and the public alike. Non-inclusive exemplars of the Subject Work and Derivative Mural are depicted hereinbelow in **Exhibits A** and **B**, respectively.

7. Burke brings this claim to seek redress for this unauthorized and unlawful adaptation, reproduction, publishing and exploitation of his original artwork. Defendants have misappropriated Burke's artwork without authorization, including through the exploitation of the Derivative Mural.

8. Plaintiff owns a U.S. copyright registration for the Subject Work.

9. Burke did not consent to the modification, alteration, distortion, and use of his Subject Work as complained of herein.

10. Defendants', and each of their, reproduction, alteration, modification, and commercial exploitation of Burke's artwork without his consent violates his exclusive rights in his work as set forth in 17 U.S.C. § 106.

11. Defendants, and each of them, have enjoyed a financial benefit by employing the Derivative Mural to appeal to, interest, or lure customers.

## PARTIES

12. Burke is an individual currently residing in Raytown, Missouri.

13. FTE is a Delaware corporation with its principal place of business at 10250 Constellation Blvd., 2300A, Los Angeles, California 90067. Burke is informed and believes and thereon alleges that Defendant FTE

controls, possesses, operates, or otherwise has an interest in the Mural Property, located at 2918 Southwest Boulevard in Kansas City, Missouri 64108.

14. Burke is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (collectively with FTE, "Defendants"), are other parties not yet identified, including potential business entities in which FTE has an interest and which may be involved with the properties at issue, who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

15. Burke is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Burke's rights and the damages to Burke proximately caused thereby.

## JURISDICTION AND VENUE

16. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

17. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).
18. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## FACTS

19. Burke created and owns all rights in the Subject Work.
20. Burke has properly submitted the Subject Work to the United States Copyright Office and received a registration for the Subject Work.
21. In June of 2021, Burke and FTE collaborated regarding a project whereunder Burke would paint the Mural Property with Burke's original design.
22. Burke created artwork depicting his concept for a mural and submitted it to FTE with the understanding and agreement that FTE would create the mural project with Burke and with compensation and attribution to Burke.
23. FTE breached this understanding and agreement by engaging other artists to create the infringing Derivative Mural without permission or authorization from Burke.
24. On information and belief, Plaintiff alleges that to attract customers to its cannabis dispensary, FTE publicly displayed the Derivative Mural to the public and/or directed and authorized such acts.
25. On information and belief, it is alleged that FTE leases, rents or owns Mural Property and uses the Derivative Mural to attract customers for its pecuniary gain.
26. The Subject Work is reproduced in the Derivative Mural without any accreditation to Burke.

27. On information and belief, Plaintiff alleges Defendants, and each of them, have willfully copied, recreated, traced, reproduced, and distributed the Subject Work for financial benefit by, without limitation, reproducing and modifying the Subject Work or authorizing and directing the reproduction and modification of the Subject Work, to create the Derivative Mural for commercial benefit.

28. The aforementioned acts, included, without limitation, replicating a near-verbatim copy of the Subject Work onto the Mural Property's roof. True and correct depictions of the Derivative Mural are depicted in **Exhibit B** attached hereto. These copies and screen captures represent non-inclusive exemplars of the Defendants' infringing activities.

29. On information and belief Plaintiff alleges that Defendants', and each of their, adaptation of Subject Work, or authorization of such alteration, was accomplished by duplicating the Subject Work onto the Mural Property.

30. Upon information and belief, Burke alleges that Defendants, and each of them, had access to the Subject Work, including through fraudulent inducement by having Burke send FTE his Subject Work under the false premise of hiring him to recreate the Subject Work on the Mural Property.

31. Burke has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Work.

## COUNT I

*17 U.S. Code § 501 – Copyright Infringement*

32. Burke repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Upon information and belief, Burke alleges that Defendants, and each of them, accessed the Subject Work by, without limitation, viewing the Subject Work via its publicly display. Access is additionally evidenced by Subject Work's reproduction in the Derivative Mural.

34. Upon information and belief, Burke alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Work, as altered, as seen, without limitation, in the screen capture attached hereto as **Exhibit B**.

35. Upon information and belief, Burke alleges that the Derivative Mural is an unlawful derivative of the Subject Work in violation of the derivative right set forth in 17 U.S.C. § 106.

36. Upon information and belief, Burke alleges that Defendants, and each of them, infringed Burke's copyrights by creating infringing derivative works from the Subject Work and publishing same to the public.

37. Due to Defendants', and each of their, acts of infringement, Burke has suffered actual, general, and special damages in an amount to be established at trial.

38. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Burke's rights in the Subject Work. As such, Burke is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of his rights in the Subject Work in an amount to be established at trial.

39. Burke is informed and believes and thereon alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## COUNT II

*Vicarious and/or Contributory Copyright Infringement*

40. Burke repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

41. Upon information and belief, Burke alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Work as alleged hereinabove.

42. Burke is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendant had the right and opportunity to control any third party recreation, tracing, reproduction, and modification of the Subject Work. And Defendant financially benefitted by making the Mural Property more appealing to potential customers.

43. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Burke has suffered and will

7

44. continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

44. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Burke's rights in the Subject Work. As such, Burke is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Work, in an amount to be established at trial.

45. Burke is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## COUNT III

*Breach of Quasi-Contract*

46. Burke repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

47. Burke entered into an agreement with FTE whereunder Burke would provide the Subject Work to FTE in connection with the mural on FTE's property and FTE would only use the Subject Work in collaboration with, and with payment and attribution to, Burke.

48. Burke discharged his responsibilities under this agreement by delivering the Subject Work to FTE, which was a valuable benefit to FTE.

49. FTE accepted and retained the benefit of the Subject Work.

50. FTE breached the agreement by exploiting the Subject Work to create the Derivative Mural without the involvement of, or payment or attribution to, Burke

51. Burke and FTE's agreement included a contractual promise to pay for the use of the Subject Work and that payment was not tendered.

52. The above-mentioned breaches have damaged Burke, generally and specially, in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

## **Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Work.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 17 U.S.C. § 106A, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, 17 U.S.C. § 106A, *et seq.*

d. That a trust be entered over all infringing uses of the Subject Work, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of

the Subject Work and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action;

h. That Plaintiff be awarded general, special, and/or equitable damages in connection with his contract claims; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 27, 2024     By:   */s/ Joseph E. Martineau*
Joseph E. Martineau
LEWIS RICE LLC
600 Washington Avenue, Suite 2500
St. Louis, MO 63101-1311
Telephone: 314.444.7729
Fax: 314.612.7729
jmartineau@lewisrice.com

Attorneys for Plaintiff

*-with-*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
Telephone: 310.590.1820
scott@donigerlawfirm.com

*[pro hac vice to be submitted]*